UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-433-GWU

JEWELDINE H. ESTRIDGE,                                                    PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

06-433 Estridge

> Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.
>
> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
>
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

In the Sixth Circuit, the Step Three severity regulation has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

## DISCUSSION

The plaintiff, Jeweldine H. Estridge, alleged disability due to high blood pressure, diabetes, and restless leg syndrome. (Tr. 69). After hearing her testimony and reviewing the evidence, an Administrative Law Judge (ALJ) found that, although the plaintiff had "medically determinable impairments" of non-insulin dependent diabetes mellitus, hypertension, restless leg syndrome and chronic lower extremity edema, none of these conditions were "severe" under the Commissioner's regulations, because they did not do more than minimally affect her ability to do basic physical activity. (Tr. 15). Therefore, she was not entitled to benefits. (Tr. 15-16). The Appeals Council declined to review, and this action followed.

06-433 Estridge

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

The plaintiff testified that her problems were foot and knee pain resulting from diabetes, which made it difficult to stand and walk, restless leg syndrome, which happened at unpredictable times when she was lying down, and hypertension, which was not well controlled despite medication. (Tr. 147-9). She was vague about specific limitations in walking, saying that she could not walk "too far" and could sit all right "sometimes." (Tr. 151). She had poor vision close up, but no physician had mentioned retinopathy. (Tr. 153-4).

Although the plaintiff submitted treatment notes from the Community Outreach Clinic and the Burning Springs Medical Clinic which confirm diagnoses of diabetes, restless leg syndrome, hypertension, and allergies (Tr. 109-29), there is no indication of any functional restrictions given by the treating sources.[1]  A consultative physical examination by Dr. Kip Beard on July 26, 2005 did show elevated blood pressure, but there was no evidence of hypertensive or diabetic retinopathy. (Tr. 98-9). Dr. Beard found some lower extremity edema and stated that the plaintiff tended to walk gingerly but had no definite limp. (Tr. 99-100). The knees, feet, and ankles were not tender or swollen, and the plaintiff was able to walk on her heels and toes, walk heel to toe, and squat without difficulty. (Tr. 100-1). An

---

[1] The plaintiff stated in her disability report that she stopped working in March, 2005, because she was laid off, rather than due to a health problem. (Tr. 70).

4

06-433 Estridge

eye examination showed 20/50 vision in the right eye and 20/70 in the left eye without glasses. (Tr. 99). Dr. Beard diagnosed diabetes mellitus with questionable early diabetic neuropathy and a reported history of "red spots" and questionable retinopathy by history, chronic lower extremity edema with early stasis changes, restless leg syndrome by history, and hypertension. (Tr. 101). He concluded that the plaintiff might have radiculopathy, but he was not able to appreciate it on the examination, and while she did have diminished vibratory sensation and complaints of lower extremity discomfort, there was no evidence of end organ damage. In terms of functional restrictions, he only stated that there "may be some limitation with prolonged standing or walking and heavy lifting or carrying." (Tr. 102).

Two state agency sources reviewed the evidence, although one of the reviewers' name is not legible.[2] Nevertheless, it is clear that the reviewer concluded that the plaintiff's conditions even in combination would not preclude basic work activity. (Tr. 103). The other source, Dr. C. Hernandez, stated that he agreed. (Tr. 104).

On appeal, the plaintiff recites her list of diagnoses in arguing that she should have been found to have a "severe" impairment. However, the mere diagnosis of a condition does not establish functional restrictions. See, e.g., Young v. Secretary of Health and Human Services, 925 F.2d 146, 151 (6th Cir. 1990). Dr. Beard's

---

[2]The signature appears to be "Scott Black." (Tr. 103).

06-433 Estridge

comment that the plaintiff "may" have limitations in some areas does not definitely establish any limitations, and the reviewers did not find any clear limitations either. The plaintiff's treating physicians did not indicate that she was unable to work, or unable to perform certain activities. Under the circumstances, substantial evidence supports the ALJ's conclusion that none of the plaintiff's limitations would more than minimally affect her ability to perform work activity.

    The decision will be affirmed.

    This the 19th day of June, 2007.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**